UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BONNIE LILLY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:24-cv-01408-GCS |
| ) | |
| **CRAIG SPIEGEL, SSM HEALTH** ) | |
| **MEDICAL GROUP, & SSM HEALTH** ) | |
| **DEPAUL HOSPITAL,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Two motions are pending before the Court. First, is Plaintiff Bonnie Lilly's ("Lilly") Amended Motion for Default Judgment filed on June 21, 2024. (Doc. 23). In response, Defendant Craig Spiegel ("Spiegel") filed a Motion to Set Aside Entry of Default on July 2, 2024. (Doc. 29). For the foregoing reasons, the Court **DENIES** Plaintiff's Amended Motion for Default (Doc. 23) and **GRANTS** Defendant's Motion to Set Aside Entry of Default (Doc. 29).

### BACKGROUND

On March 28, 2024, Plaintiff Lilly, individually and as Special Representative and Executor of the Estate of Nicole Laux ("Laux"), filed a Complaint in the Circuit Court of St. Clair County, Illinois. (Doc. 1, Exh. 1, p. 2). In the Complaint, Plaintiff alleges that Defendant Spiegel, acting individually and as an agent for Defendants SSM Health Medical Group and SSM Health DePaul Hospital, prescribed Laux controlled substances

that ultimately led to her overdose and death. (Doc. 1, p. 4). Pursuant to these allegations, Plaintiff brings a medical negligence and wrongful death claim against Defendant Spiegel, a vicarious liability claim against Defendant SSM Medical Group, and a vicarious liability and wrongful death claim against Defendant SSM Health DePaul Hospital. *Id.* at p. 4-7.

Co-Defendants SSM Medical Group, Inc. and SSM Health DePaul Hospital subsequently removed this case to the United States District Court for the Southern District of Illinois on May 30, 2024, pursuant to 28 U.S.C. §§ 1332[1], 1441[2], and 1446. (Doc. 1). Removal was timely, as the Notice of Removal was filed within 30 days of April 30, 2024, which was when Plaintiff served SSM Health Depaul Hospital, and May 3, 2024, when Plaintiff served SSM Medical Group. (Doc. 1, Exh. 1, p. 32, 34).

---

[1] The Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332(a) because (1) the amount in controversy exceeds $75,000, exclusive of costs and interest, and (2) there is complete diversity of citizenship between Plaintiff and Defendants. Plaintiff's decedent was a citizen of Illinois. (Doc. 1, p. 4). Defendant SSM Medical Group is a closed corporation, incorporated in Missouri, with its principal place of business in Missouri. *Id.* Lastly, Defendant SSM Health Depaul Hospital is a non-profit corporation that is incorporated in Missouri and has its principal place of business in Missouri. *Id.* at p. 5. Thus, neither Defendant is a citizen of Illinois. Moreover, in Plaintiff's Complaint, she seeks damages in excess of $50,000 as to each Defendant, thereby satisfying the damages requirement for the purposes of diversity jurisdiction. *Id.* at p. 9.

[2] Under 28 U.S.C. 1441(a), "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing where such action is pending." 28 U.S.C. §1441(a). "Valid removal requires the consent of all defendants, *Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 770 (7th Cir. 2011); *Pettitt v. Boeing Co.*, 606 F.3d 340, 343 (7th Cir. 2010); *Chicago, Rock Island & Pacific Railway Co. v. Martin*, 178 U.S. 245 (1900), unless they were not properly served at the time of removal, *Pullman Co. v. Jenkins*, 305 U.S. 534, 540-541 (1939); *P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-548 (7th Cir. 1968); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993)." *Benson v. Unilever U.S., Inc.*, 884 F. Supp. 2d 708, 713 (S.D. Ill. 2012).

Plaintiff attempted to serve Defendant Spiegel at DePaul Hospital on April 30, 2024. She filed an Affidavit of Service inaccurately indicating that Spiegel had been served on that date by leaving the required documents with Nina Lee at 12303 DePaul Drive, Bridgeton, Missouri 63044, which is the address for DePaul Hospital and not Spiegel's de facto place of abode. (Doc. 1, Exh. 1, p. 31).

The Court issued a Notice of Impending Dismissal on June 10, 2024, indicating that Defendant Spiegel had been served. (Doc. 15). Plaintiff filed a Motion for Default Judgment on June 13, 2024. (Doc. 16). The Court denied Plaintiff's Motion for Default Judgment in accordance with Rule 55(a) of the Federal Rules of Civil Procedure for failing to first move for the Clerk's entry of default judgment. (Doc. 20). Plaintiff then filed the presently pending Amended Motion for Default (Doc. 23) and Defendant Spiegel filed the Motion to Set Aside Default (Doc. 29).

## LEGAL STANDARDS

A party is authorized to seek a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. *See* FED. RUL. CIV. PROC. 55. Under this Rule, the Court may enter judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. *Id.* "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" if plaintiff's allegations are well plead. *Dundee v. Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)). The decision to grant or deny default judgment lies within the district court's discretion and is only reviewed

for abuse of discretion. *See Homer v. Jones-Bey*, 415 F.3d 748, 753 (7th Cir. 2005). Once default is entered, Plaintiff must establish the right to the requested relief sought. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

The Seventh Circuit "has a well-established policy favoring a trial on the merits over a default judgment." *Sun v. Board of Trustees of University of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). The Seventh Circuit "views default judgments to be a 'weapon of last resort, appropriate only when a party willfully disregards pending litigation.'" *Id.*; *see also Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003) (citing *Inryco, Inc. v. Metropolitan Engineering Co., Inc.*, 708 F.2d 1225, 1231 (7th Cir. 1983)). Because of the far-reaching nature of the remedy, "a default judgment should be used only in extreme situations, or when other less drastic sanctions have proved unavailing." *Sun*, 473 F.3d at 811.

Relief from entry of default requested prior to entry of judgment is governed by Federal Rule of Civil Procedure 55(c), which provides that "the court may set aside entry of default for good cause . . . ." FED. RUL. CIV. PROC. 55(c). The standard for "good cause" under Rule 55(c) is lenient, particularly where, the Clerk has not entered default, and default has not yet been finalized. *See, e.g.*, *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 791-792 (7th Cir. 2015); *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (noting that the Rule 55(c) standard is more lenient due to the "policy of favoring merits over default judgment."). To prevail on a Rule 55(c) motion to set aside default, the movant "must show: (1) good cause[3] for the default, (2) quick action to correct it, and (3) a

---

[3] "Rule 55(c) requires good cause for the judicial action, not 'good cause' for the defendant's error." *Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023) (quoting *Sims v. EGA Products,*

meritorious defense to the complaint." *See Cracco*, 559 F.3d at 630-631 (internal quotation and citation omitted).

## DISCUSSION

Plaintiff Lilly believes that default should be entered against Defendant Dr. Spiegel, as Spiegel failed to timely answer her Complaint. (Doc. 23). Defendant Spiegel asserts that he had good cause for not answering the Complaint, as he was not properly served. (Doc. 29, p. 2). The Court agrees with Defendant Spiegel that Plaintiff Lilly failed to properly effectuate service. Accordingly, Plaintiff's Renewed Motion for Default (Doc. 23) is **DENIED** and Defendant Spiegel's Motion to Set Aside Entry of Default Judgment (Doc. 29) is **GRANTED**.

Under Illinois law, service on individuals shall be made "(1) by leaving a copy of the summons with the defendant personally, or (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 or upwards, and informing the person of the contents of the summons provided the office or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepared, addressed to the defendant at his or her usual place of abode." 735 ILL. COMP. STAT. § 5/2-203.

Plaintiff's affidavit of Service indicates that service for Dr. Spiegel was "received by Nina Lee for Craig Spiegel, M.D. at 12303 DePaul Drive, Bridgeton, MO 63044" on

---

*Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). Thus, "an entry of default may be set aside for 'good cause,' which does not necessarily require a good excuse for the defendant's lapse." *Id.* (quoting *JMB Mfg. v. Child Craft*, LLC, 799 F.3d 780, 792 (7th Cir. 2015)).

April 30, 2024. (Doc. 29, Exh. 3). This address is for Defendant SSM Health DePaul Hospital – St. Louis. (Doc. 29, p. 2). Dr. Spiegel was not personally provided with a copy of the summons. *Id.* Nor is Nina Lee a person of the family or a person residing at Defendant's usual place of abode. *Id.* Given these facts, the Court finds that Defendant Spiegel was not properly served by Plaintiff in accordance with Illinois law. The Court believes this finding satisfies the first requirement - good cause for the default – under Rule 55(c) of the Federal Rules of Civil Procedure. Spiegel was not required to answer a Complaint that was not properly served on him.

Defendant Spiegel also meets the second and third requirements for relief from entry for default under Rule 55(c). "What constitutes quick action varies from case to case." *Escamilla*, 62 F.4th at 372. "Delays of five weeks to five months have been found to be 'quick action' in various contexts." *Suddard v. 1541335 Ontario, Inc.*, Case No. 22-cv-02498-SPM, 2023 WL 7016418, at *4 (S.D. Ill. Oct. 25, 2023) (citing *Sims*, 475 F.3d at 866). Here, Spiegel filed the Motion for Relief from Default less than two weeks after the June 21, 2024, entry of default. *See generally* (Doc. 29). Spiegel did so after learning about the lawsuit's existence from his lawyer, who was representing him in a separate matter. (Doc. 29, p. 3). Promptly thereafter, Defendant forwarded the information to his insurer and Spiegel's counsel was subsequently retained. *Id.* The Court finds that this qualifies as quick action to correct the default.

As to the third requirement, Spiegel must show that he has a meritorious defense to Plaintiff's claims against him. To meet this requirement, Defendant Spiegel is only required to show that he has "an arguably meritorious defense to the lawsuit." *Escamilla*,

62 F.4th at 372 (quoting *Parker v. Scheck Mechanical Corp.*, 772 F.3d 502, 505 (7th Cir. 2014)). If allowed to defend on the merits, Defendant Spiegel intends to introduce evidence that he complied with the applicable standard of care while caring for Ms. Laux and that his care did not cause her alleged damages. (Doc. 29, p. 3). This minimal assertion is enough to meet the required showing of an "arguably meritorious defense" to Plaintiff's suit. *See, e.g.*, *Suddard*, 2023 WL 7016418, at *4 (finding that defendant's "boiler plate" affirmative defenses were enough to satisfy the 'arguably meritorious defense' factor). Therefore, the Court finds that Spiegel has successfully met the third requirement for relief from entry of default.

As Spiegel has met the "lenient standards" the Seventh Circuit has applied for relief from entry of default judgment, the Court finds that justice is best served by allowing this matter to proceed on the merits.

## Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's Renewed Motion for Entry of Default (Doc. 23) and GRANTS Defendant's Motion for Relief from Entry of Default (Doc. 29).

**IT IS SO ORDERED.**

**DATED: August 12, 2024.**

Digitally signed by Judge Sison
Date: 2024.08.12 14:08:54 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**